

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Honorable Fred Erisman
Criminal District Attorney
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-4852
Re: Salaries of Precinct officers
of Gregg County, Texas.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Your opinion is requested on some questions pertaining to the officers' salary bill in Gregg County, Texas.

"Gregg County, according to the 1930 census, had a population of less than 25,000. In 1940 the census gave Gregg County a population of 58,027. Prior to the 1940 census the Commissioners Court determined that all county and precinct officers in said county should be paid salaries. Salaries for some of the precinct officers were as high as $3600 per annum.

"QUESTION NO. 1:

"Does Art. 3891, V. A. C. S., as amended by the acts of the 44th Legislature in 1935, Chapter 327, effective on May 18, 1935, repeal Sec. 6a, Art. 3883, V. A. C. S., as amended by the 44th Legislature, 1935, in Chapter 197, which act was effective May 10, 1935?

"QUESTION NO. 2:

"Should the Commissioners Court of Gregg County determine to place precinct officers on the salary basis, what is the maximum amount that can be paid such precinct officers?

"QUESTION NO. 3:

"Should the Commissioners Court of Gregg County determine that precinct officers in said county

should be returned to the fee basis for their compensation, what is the maximum amount of fees that can be retained by such precinct officers in said county?

"Sec. 17, Art. 3912e, V. A. C. S. provides that in all counties in this state the precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners Court shall have determined otherwise. In sub-section (b) of Sec. 17 the following language appears:

"'(b) In counties where it shall have been determined that precinct officers shall be compensated on an annual salary basis it shall be the duty of the Commissioners' Court of such county to fix the salary allowed to such officers. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum allowed such officer under laws existing August 24, 1935.'

"The Court of Civil Appeals at Beaumont in Nacogdoches County vs Jenkins, 140 S.W. (2) 901, held that it was mandatory that the salary be fixed at not less than the minimum, being the official earnings in 1935, and not more than the maximum amount allowed such officer under the laws existing on August 24, 1935.

"When Section 6a, Art. 3883, went into effect on May 10, 1935, it fixed the maximum salaries for Justices of the Peace and Constables in counties having a population of less than 30,000 and a tax valuation of more than $90,000,000 at $3600 per year. Gregg County had a tax valuation in excess of $90,000,000 for the year 1935. However, at the same session of the Legislature (Acts 1935, 44th Legislature, Page 752, Chapter 327, Paragraph 1) which act was effective eight days later than Sec. 6a, Art. 3883, supra, to-wit, May 18, 1935, the maximum amounts that could be retained by precinct officers in counties having less than 25,000 population was fixed at $1400 per annum. The maximum amount to be retained by precinct officers in counties of 37,501 to 60,000, in which bracket Gregg County is now placed, the maximum fixed for said officers amounts to $2200.

"Thereafter, in the same act is contained the following language:

"'All current fees earned and collected by officers named in Art. 3883 during any fiscal year in excess of the maximum and excess allowed by this act, and for their

services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Art. 3892, or used to pay salaries of deputies or assistants when current fees are insufficient, shall be paid into the County Treasury in the county where the excess accrued.'

"The second paragraph following provides:

"'The compensations, limitations and maximums herein fixed in this act for officers shall include and apply to all officers mentioned herein in each and every county of this state, and it is hereby declared to be the intention of the Legislature that the provisions of this act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed so far as the same may be inconsistent with this act.'

"It would appear that it was the intention of the Legislature that when any county grew out of one population bracket into another, that upon reaching the new bracket, its salaries would be determined by the new bracket into which it had grown. If this be true, then the salaries to be set for the year 1943 for precinct officers in Gregg County would be set in the population bracket of not less than 37,501 and not more than 60,000.

"If Art. 3891 repeals Sec. 6a, Art. 3883, then it would appear that the maximum salaries that could be paid to precinct officers in Gregg County would be $2200 per annum. If Sec. 6a was not repealed, it was in effect on August 24, 1935. If it was repealed by Art. 3891, then Art. 3891 was the existing law as effecting Gregg County on August 24, 1935.

"There has been no decision construing the question whether or not Sec. 6a of Art. 3883 has been repealed; however, the language of Art. 3891 expressly repeals any law inconsistent with said article which would constitute a repeal by implication. (See Tex. Jur., Vol. 39, page 137.) The two acts are in pari materia and are in conflict with each other. (See 39 Tex. Jur., page 142.) Art. 3891 was passed at a later date which would make it the controlling statute. (See 39 Tex. Jur., page 139.)

"Your opinion on the above questions is respectfully requested."

We quote from 39 Texas Jurisprudence, p. 150, as follows:

". . . a special act is, of course, repealed by
subsequent legislation that contains an express re-
pealing clause or that otherwise manifests the inten-
tion of the Legislature to repeal it. . ."

We have carefully considered the acts and articles re-
ferred to in your letter in connection with the repealing clause
quoted in your letter and have reached the opinion that your first
question should be answered in the affirmative, and it is so an-
swered. Having held herein that Section 6a of Article 3883,
V. A. C. S., as amended by the 44th Legislature in 1935, was re-
pealed by Article 3891, V. A. C. S., as amended by the 44th Leg-
islature in 1935, it is not necessary to express an opinion herein
as to the constitutionality of Section 6a of said Article 3883,
as amended in 1935, and we express no opinion as to the constitu-
tionality of said article.

Opinion No. O-2560 of this Department holds, among other
things, that the salaries for the officers named in Section 13,
Article 3912e, in counties having a population of 20,000 inhabitants
or more and less than 190,000 inhabitants, according to the last
Federal census, should be fixed for the year 1941, as provided
by law existing August 24th, 1935, regardless of the population
of such counties as shown by the 1940 Federal census. Under the
facts relative to this opinion Limestone County, Texas, had a popu-
lation of 39,497 inhabitants according to the 1930 Federal census
and the preliminary census report made by the Federal Census Bureau
of the County's population in 1940 was 33,380 inhabitants. The
opinion further holds that the minimum salary of any officer named
in Section 13 of Article 3912e, supra, could not be less than the
total sum earned as compensation by the incumbent of the office
in his official capacity for the fiscal year 1935 and that the
maximum salary could not be more than the maximum amount allowed
such officer under laws existing on August 24th, 1935. We enclose
herewith a copy of Opinion No. O-2560.

Opinion No. O-2582 of this department holds, among other
things, that the change in the population of Travis County, Texas,
as shown by the Federal census of 1940, had no effect upon the
salaries of the district and county and precinct officers of said
county, and that the minimum salary of such an officer could not
be less than the total sum earned as compensation by the incumbent
of the office in his official capacity for the fiscal year 1935
and that the maximum salary could not be more than the maximum
amount allowed such incumbent under laws existing on August 24th,
1935, and since the 1930 Federal census was then in effect such
census was controlling. We enclose herewith a copy of opinion
No. O-2582.

On August 24th, 1935, Article 3891, V. A. C. S., as amended by the 44th Legislature, 1935 (H. B. 595), was effective and applied to Gregg County. Section 1 of Article 3883, V. A. C. S., as amended by the 43rd Legislature, 1933, was also effective at said time and applied to Gregg County, Texas. Under Article 3883, Section 1, supra, the "first maximum" Justices of the Peace and Constables could retain was $1200.00. Article 3891, V. A. C. S., as amended, supra, authorized Justices of the Peace and Constables in counties having a population of less than 25,000 inhabitants to retain one-third of excess fees above $1200.00 (after legal expenses had been paid) until such one-third plus the amount allowed under Article 3883, ($1200 in this instance) amounted to $1400.00.

We answer your second question as follows: $1400.00 is such maximum.

In answer to your third question it is our opinion that if the precinct officers are placed on the fee system the 1940 Federal census will be applicable to them. The first maximum for the Justices of the Peace and Constables of Gregg County, Texas, operating on the fee system under Section 3 of Article 3883, V. A. C. S., applicable to counties having a population of not less than 37,501 and not more than 60,000 inhabitants, will be $1800.00 per annum. The second maximum of such precinct officers of Gregg County, under the applicable portion of Article 3891, V. A. C. S., will be $2200.00.

Very truly yours

APPROVED OCT 13, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:mp:lm
Encl.

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN